CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 6, 2013

LETTER TO COUNSEL:

    RE:    *Elizabeth Hoeffler v. Commissioner, Social Security Administration*;
            Civil No. SAG-11-2332

Dear Counsel:

On August 21, 2011, the Plaintiff, Elizabeth Hoeffler, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 16). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Ms. Hoeffler filed her claim for benefits on November 6, 2007, claiming disability beginning on January 19, 2005. (Tr. 125-31). Her claim was denied initially on December 18, 2007, and on reconsideration on June 27, 2008. (Tr. 84-89). Following a hearing on October 27, 2009 (Tr. 31-62), an Administrative Law Judge ("ALJ") denied benefits on November 24, 2009. (Tr. 67-81). The Appeals Council denied Ms. Hoeffler's request for review, (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Hoeffler suffered from the severe impairments of discogenic degenerative back and chronic migraine headaches. (Tr. 72). Despite these impairments, the ALJ determined that Ms. Hoeffler retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except she must have sit/stand options; and can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. However, she can never climb ladders, ropes and scaffolds and must avoid concentrated exposure to environmental hazards and noise.

(Tr. 74). After considering the testimony of a vocational expert ("VE"), the ALJ determined that

Ms. Hoeffler could perform past relevant work as a customer service representative, and that she was therefore not disabled during the relevant time frame. (Tr. 76-77).

On appeal, Ms. Hoeffler makes three primary arguments: (1) that the ALJ failed to properly consider her obesity; (2) that the ALJ erroneously determined her RFC; and (3) that the ALJ posed an inadequate hypothetical to the VE. Each argument lacks merit.

First, the record does not reflect that Ms. Hoeffler's obesity adversely affects her functioning. The claimant carries the burden of showing how her obesity limits her ability to perform work-related functions. *See Pass v. Chater,* 65 F.3d 1200, 1203 (4th Cir.1995) (finding that the applicant bears the burden of production and of proof during the first four steps of the inquiry). Here, Ms. Hoeffler was unable to provide support for—or even identify—how her obesity limited her to a greater extent than the ALJ found. She therefore failed to carry her burden. *See Brown v. Astrue,* No. JKS–09–1792, 2011 WL 129006, at *2 (D. Md. Jan.14, 2011) ("Having identified no evidence to suggest that his obesity caused greater limitations than the ALJ assigned, Brown has shown no basis for remand."). Moreover, the ALJ found RFC restrictions more restrictive than those recommended by consultative examiner Dr. Serpick. (Tr. 252-53). Dr. Serpick expressly noted Ms. Hoeffler's height and weight during the consultative examination. *Id.* Courts have determined that such "indirect" consideration of obesity, by crediting the report of a physician who expressly considered a claimant's obesity, is sufficient. *See, e.g., Hynson v. Astrue,* No. TMD-10-175, 2011 WL 2175035, at *4 (D. Md. June 2, 2011) (finding harmless error where an ALJ omitted discussion of plaintiff's obesity, but adopted many limitations recommended by a consultative examiner who noted the obesity) (citing *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005); *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004); *Bledsoe v. Barnhart*, 165 Fed. Appx. 408, 412 (6th Cir. 2006)). For all of those reasons, remand on the basis of obesity is unwarranted.

With respect to her RFC, Ms. Hoeffler makes a series of sub-arguments. First, she contends that the ALJ failed to add "any limitation" to account for her migraine headaches, which were deemed to be a severe impairment. Pl. Mot. 11. Initially, Ms. Hoeffler's position lacks merit, because the ALJ prohibited concentrated exposure to environmental hazards and noise, which constituted migraine triggers for Ms. Hoeffler. (Tr. 74, 75). Moreover, an ALJ is not required to include a corresponding limitation for each severe impairment. Ms. Hoeffler does not allege any other particular functional limitation, resulting from her migraine headaches, that the ALJ failed to include. Further, the ALJ gave little weight to the extreme requirements for unscheduled rest endorsed by Dr. Kerkvliet, as discussed below. (Tr. 75). The ALJ appropriately assessed Ms. Hoeffler's limitations, including the evidence relating to her migraine headaches, (Tr. 74-76), and included the necessary restrictions in the RFC.

Ms. Hoeffler also contends that the ALJ failed to mention her diagnosis of herniated discs causing back pain. Pl. Mot. 11. Once again, Ms. Hoeffler's argument is erroneous, because the ALJ specifically mentioned her disc herniations in the description of Dr. Naff's treatment notes. (Tr. 75). Moreover, it is clear, that Ms. Hoeffler's overall back limitations, including her

allegations of back pain, were addressed in the ALJ's opinion. (Tr. 75-76). The RFC determined by the ALJ included a sit/stand option to accommodate Ms. Hoeffler's back limitations.

Ms. Hoeffler next challenges the ALJ's evaluation of her mental impairment, specifically the analysis of report from the psychological consultative examiner, Dr. Stein, and the treatment notes from Ms. Hoeffler's therapist. Pl. Mot. 11-12. The Commissioner concedes that the ALJ misstated one portion of Dr. Stein's report by suggesting that Dr. Stein had "ruled out" major depressive disorder and amnestic disorder, when in fact Dr. Stein had indicated that those potential diagnoses needed to be considered before being ruled out. Def. Mot. 22 n.6. However, that error is harmless, because no diagnosis of those conditions, or any impairments particular to those conditions, appears in the evidence of record. The notes from Dr. Stein's consultative evaluation were considered and discussed at some length during the ALJ's application of the mental special technique. (Tr. 73). The ALJ is not required to reiterate and discuss every statement made in a consultative examiner's report, so long as the record reflects that the report was considered and evaluated.

The ALJ's opinion similarly evidences consideration of the notes from Ms. Hoeffler's therapist. The ALJ specifically noted that "treatment notes, dated April 8, 2008, indicate that the claimant has a GAF score of 60-65" and that the claimant was "not depressed, just sluggish." (Tr. 73). In addition, any error in considering the treatment notes would be harmless, since the therapist regularly indicated a "favorable" prognosis and assigned GAF scores suggesting no more than mild symptoms. (Tr. 229-235, 297-305). Moreover, the state agency consultant who reviewed the therapist treatment notes concluded that Ms. Hoeffler suffered from only mild limitations. (Tr. 277).

Ms. Hoeffler also submits that the ALJ erred in assigning weight to the opinion of her treating physician, Dr. Kerkvliet. Pl. Mot. 13-17. Dr. Kerkvliet opined that Ms. Hoeffler's migraines would be debilitating anywhere between five and 50 days per month. (Tr. 326-31). Moreover, Dr. Kerkvliet opined that Ms. Hoeffler would need to take unscheduled breaks lasting 8 hours approximately 15 times per week. (Tr. 329). In contrast to the dire picture created by Dr. Kerkvliet, as the ALJ noted, Ms. Hoeffler did not report severe migraine headaches during her psychological counseling sessions despite discussing other medical concerns, and has not sought any emergency treatment for migraines at any time. (Tr. 76). Moreover, although the some of the treatment notes from Dr. Kerkvliet are unavailable (Tr. 324), as the ALJ noted, the treatment notes that do exist from Dr. Kerkvliet do not substantiate such a debilitating condition. (Tr. 307-322). In fact, one of those notes reflects that "headaches have gotten better, she isn't sure why." (Tr. 309). In light of the contradictory evidence cited by the ALJ, I cannot conclude that the ALJ erred in assigning little weight to Dr. Kerkvliet's opinion.

Ms. Hoeffler's final argument is that the ALJ's hypothetical to the VE was deficient. The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel,* No. 98–1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on

substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen,* 861 F.2d 536, 540–41 (9th Cir. 1988). Because the hypothetical was entirely commensurate with the RFC the ALJ found, and because, as addressed above, the RFC was supported by substantial evidence, no error occurred.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 14) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 16) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                    Sincerely yours,

                                    /s/

                                  Stephanie A. Gallagher
                                  United States Magistrate Judge